96 F.3d 1438
 NOTICE: Fourth Circuit Local Rule 36(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
FRONTIER COMMUNICATIONS OF THE MID ATLANTIC, INCORPORATED,
formerly known as Mid Atlantic Telecom,
Incorporated; Walter C. Anderson,
Plaintiffs-Appellants,
v.
LONG DISTANCE SERVICES, INCORPORATED, a/k/a Long Distance
Service of Washington, Incorporated; Richard J.
Rice, Defendants-Appellees.
FRONTIER COMMUNICATIONS OF THE MID ATLANTIC, INCORPORATED,
formerly known as Mid Atlantic Telecom,
Incorporated; Walter C. Anderson,
Plaintiffs-Appellees,
v.
LONG DISTANCE SERVICES, INCORPORATED, a/k/a Long Distance
Service of Washington, Incorporated; Richard J.
Rice, Defendants-Appellants.
 Nos. 95-2743, 95-2744.
 United States Court of Appeals, Fourth Circuit.
 Argued July 8, 1996.
Decided Sept. 4, 1996.
 
 ARGUED: Harry Martin Rifkin, LEVIN & GANN, P.A., Baltimore, Maryland, for Appellants. Michael R. Lewis, JAMES & HOFFMAN, P.C., Washington, D.C., for Appellees. ON BRIEF: Edgar N. James, JAMES & HOFFMAN, P.C., Washington, D.C., for Appellees.
 Before WILKINS, LUTTIG, and WILLIAMS, Circuit Judges.*
 OPINION
 PER CURIAM:
 
 
 1
 Plaintiffs, Frontier Communications of the Mid Atlantic, Incorporated and Walter C. Anderson (collectively, "Mid Atlantic"), and Defendants, Long Distance Services, Incorporated and Richard J. Rice (collectively, "LDS"), cross appeal the judgment of the district court awarding damages and attorney's fees to Mid Atlantic. We affirm.
 
 
 2
 In 1992, Mid Atlantic brought this action, alleging that LDS and its president violated and conspired to violate provisions of the Racketeer Influenced and Corrupt Organizations Act (RICO). See 18 U.S.C.A. § 1962(a), (c)-(d) (West 1984 & Supp.1996). Mid Atlantic based its claim on LDS' use of a computer program that randomly added additional time to the telephone calls of LDS' customers, enabling the company to offer artificially lower rates than its competitors. This was intended to and did entice customers to change to LDS as their long-distance service provider. The district court granted summary judgment in favor of LDS without permitting Mid Atlantic to engage in discovery. In a prior opinion, this court vacated the grant of summary judgment and remanded for further proceedings. See Mid Atlantic Telecom, Inc. v. Long Distance Servs., Inc., 18 F.3d 260 (4th Cir.), cert. denied, 115 S.Ct. 323 (1994).
 
 
 3
 Following remand, the parties proceeded to trial before the district court. The lower court found that LDS had indeed engaged in the scheme alleged and that Mid Atlantic had lowered its rates in some instances as a result of LDS' fraudulent representations. The court further found that Mid Atlantic was injured in the amount of $17,210.31 as a result of LDS' RICO violation and then trebled that amount. See 18 U.S.C.A. § 1964(c) (West Supp.1996). And, the district court also assessed damages against LDS on Mid Atlantic's statelaw claims of unfair competition and tortious interference with contract. Finally, the court awarded reasonable attorney's fees to Mid Atlantic. See id.
 
 
 4
 Both parties appeal from the judgment of the district court, raising numerous errors. After carefully considering the arguments and briefs of counsel and reviewing the record, we affirm the judgment of the district court. Frontier Communications of the Mid Atlantic, Inc. v. Long Distance Servs., Inc., No. 92-370 (D.Md. Aug. 24, 1995).
 
 AFFIRMED
 
 
 *
 Judge Williams participated in the hearing of these appeals at oral argument but recused herself prior to the time the decision was filed. The decision is filed by a quorum of the panel. 28 U.S.C.A. § 46(d) (West 1993)